## ORPHANS' COURT OF BALTIMORE CITY.

Filed October 23, 1895.

IN THE MATTER OF THE ESTATE OF MARGARET SCHWARTZ, DECEASED.

LINDSAY, GANS and EDWARDS, JJ.—

This is an action by which Mary Hipps and Margaret Zabel, executrices of the last will and testament of Margaret Schwartz, deceased, seek to compel George Woelfel and Kunigunda Woelfel, his wife, to comply with the terms of sale whereby the property, designated as No. 1602 Canton avenue, was, at public auction, struck off to them, July 22nd, 1895.

The reply made by the respondents is: That they are ready and willing to do this as soon as the executrices are ready to deliver to them the possession of the property which they sold, but not before this shall be done.

This leads directly up to the issue of this case. The property sold as above set out consisted in a leasehold dwelling house, in respect to the title of which there is no question or dispute, and an alley 2 feet and 1½ inches wide running along the westernmost line of the lot and included within the metes and bounds of the same. It is to this that the title, it is feared, may be defective. The alley is enclosed by a wall nine inches thick, by which it is attached to the house, and is the only means of entrance into the dwelling. To this part of the property, or a use to the same, a man by the name of George Stiller, according to the testimony, lays claim. The property was sold under the advertisement which was duly published and which includes the alley without mentioning it as such. The purchasers have received already all that was advertised, and have been collecting the rents from the same. No evidence was given touching the basis and nature of the said Stiller's claim to or in said alley. It was said that one of the executrices had on an occasion said that the decedent has in her life time given this right to Stiller. This, however, she positively denied, and her co-executrix testified that she never heard her make such a remark. But even if this had been a fact, there has been nothing in the way of deed or writing of any kind that could transfer such a right. The said George Woelfel, acting as agent for his wife, knew before the sale was made, that Stiller claimed to have some interest in the alley, that he was even told by the said Stiller himself, that he claimed a right in it; and yet he chose rather to believe the executrices, who before and after the sale, and continuously and uniformly declared that he had no such right, and on the strength of this conviction bought it. They made the same declaration to him before the sale was confirmed and he allowed the final ratification after notice *nisi*. No charge is made of fraud or deception at any time. He also paid the $100 to bind the sale to the extent of the forfeiture, and had gone to his attorney to pay the balance of the purchase money, but halted by the way and turned back in consequence of the fear born of timidity, that, after all, Stiller might create

some trouble by means of his alleged claim in the alley.

We do not think that a Court would be justified in setting aside a sale on any grounds such as are given in this case. So far as the evidence goes, the whole and exclusive right to the alley belongs now to the purchasers, and no part of it to the said Stiller, except the report of his own "say so." The rule of law is, that a purchaser is entitled to a good title, and wherever a doubt exists it must be "considerable and rational, such as would, and ought to, induce a prudent man to pause and hesitate; such as would produce a *bona fide* hesitation in the mind of the judge passing upon the title." 59 Md. 495. This authority further says: "A threat, or even the possibility of a contest, will not be sufficient." We think that the title in this case is good, and that no idle claim, such as is set up here, can make it bad.

In view of the facts, so far as we have been able to get them to the surface and understand them, connected with the law in the case, the Court feels that it could not do otherwise than to hold the purchasers responsible for their act in the purchase of the property in question.

It is therefore ordered and decreed, this 22nd day of October, that George Woelfel and Kunigunda Woelfel, his wife, be required to comply with the terms of the sale above set out, and in the event of failure so to do within fifteen days from date that the property be resold at their risk.

And it is further ordered and decreed that the costs be paid by the respondents.